**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **L.M.**

**No. 22-784** (Kanawha County 20-JA-509)

**MEMORANDUM DECISION**

Petitioner Mother T.J.[1] appeals the Circuit Court of Kanawha County's September 15, 2022, order terminating her parental rights to the child, L.M.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In October 2020, the DHHR filed a petition alleging that petitioner exposed her infant child, L.M., to illegal substances, as found by testing the umbilical cord at the child's birth. The petition further mentioned several drug-related incidents which occurred after the child's birth. The court held the preliminary hearing in February 2021, during which it ordered petitioner to participate in services such as drug screening, supervised visitation with the child, and parenting and adult life skills sessions. Petitioner waived the preliminary hearing.

In March 2021, the circuit court held an adjudicatory hearing. Petitioner was not present but was represented by counsel. The court heard testimony of two CPS workers who testified to the incidents mentioned in the DHHR's petition. Based on the evidence presented, the court adjudicated petitioner as an abusing and neglecting parent. Petitioner, thereafter, filed a motion for a post-adjudicatory improvement period in May 2021.

The circuit court proceeded to disposition and held a final dispositional hearing in May 2021, during which the CPS case manager testified and the DHHR and guardian supported termination. Petitioner was not present but was represented by counsel. By order entered on December 17, 2021, the circuit court terminated petitioner's parental rights to the child. Petitioner

---

[1]Petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Counsel Morgan Switzer appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

appealed that order to this Court, and we vacated the dispositional order for lack of sufficient findings of fact and conclusions of law and we remanded the matter for the entry of a sufficient dispositional order. *In re L.M.*, No. 22-0046, 2022 WL 3973463, at *3 (W. Va. Aug. 31, 2022)(memorandum decision). Following remand, the circuit court issued a new order in which it found that, throughout the seven months preceding disposition, petitioner failed to participate in drug screens and court-ordered services, including parenting and adult life skills education. The court also noted that petitioner had not seen the child since the child was six months old and that there was no bond between the two.[3] The court pointed out that petitioner was not present and made no argument in opposition to termination. Therefore, the court found that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected in the near future and that termination was in the best interests of the child. Accordingly, the court terminated petitioner's parental rights.[4] It is from this dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues that the circuit court erred in terminating her parental rights without granting a post-adjudicatory improvement period. However, petitioner admits on appeal that she failed to participate in the services that were offered or to appear at either the adjudicatory or dispositional hearings. She further fails to argue how she attempted to satisfy the burden of establishing that she was likely to fully comply with an improvement period, as required by West Virginia Code § 49-4-610(2). The record shows that petitioner did not present any evidence in support of the motion for an improvement period or otherwise seek a ruling at the time of disposition. Therefore, we find that the circuit court did not err in proceeding to disposition without granting petitioner an improvement period.

As to the termination of petitioner's parental rights, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Here, the circuit court correctly found that petitioner's failure to comply with services and drug screens, as well as her failure to appear for court proceedings, demonstrate there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected in the near future. The court also found no bond

---

[3]At the time of disposition, the child was eleven months old.

[4]The father's parental rights were also terminated. The permanency plan for the child is adoption in the current placement.

between petitioner and the child because petitioner had not seen the child since he was six months old. We have stated that "the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Furthermore, the child is of tender years, and we have previously emphasized the importance of providing children permanency and stability early in life. To that end, we have held as follows:

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. Accordingly, we find no error in the circuit court's order terminating petitioner's parental rights to the child.

For the foregoing reasons, we find no error in the decision of the circuit court, and its order of September 15, 2022, is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

Justice C. Haley Bunn

Bunn, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised herein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.